**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

BENJAMIN RICE LACY, III; LINDEN

BEVERAGE COMPANY, INCORPORATED;
FREEZELAND ORCHARDS COMPANY,
INCORPORATED,
Defendants-Appellants.

No. 96-4859

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

BENJAMIN RICE LACY, III; LINDEN

BEVERAGE COMPANY, INCORPORATED;
FREEZELAND ORCHARDS COMPANY,
INCORPORATED,
Defendants-Appellants.

No. 96-4964

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.

BENJAMIN RICE LACY, III; LINDEN

BEVERAGE COMPANY, INCORPORATED;
FREEZELAND ORCHARDS COMPANY,
INCORPORATED,
Defendants-Appellees.

No. 97-4053

Appeals from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Samuel G. Wilson, Chief District Judge.
(CR-94-122)

Argued: October 29, 1997

Decided: December 15, 1997

Before LUTTIG and WILLIAMS, Circuit Judges, and
BULLOCK, Chief United States District Judge for the
Middle District of North Carolina, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Eric John Murdock, HUNTON & WILLIAMS, Washing-
ton, D.C., for Appellants. David Carlisle Shilton, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON
BRIEF:** David F. Geneson, HUNTON & WILLIAMS, Washington,
D.C.; Richard H. Milnor, John W. Zunka, TAYLOR, ZUNKA, MIL-
NOR, CARTER, Charlottesville, Virginia, for Appellants. Lois J.
Schiffer, Assistant Attorney General, Environment & Natural
Resources Division, Ellen J. Durkee, James M. Miskiewicz, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Robert
P. Crouch, Jr., United States Attorney, Nancy S. Healey, Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Defendant Benjamin R. Lacy is president of both defendant Freezeland Orchards Company and defendant Linden Beverage Company. A jury found Lacy guilty of seven counts of knowingly making material false statements on documents required to be maintained under the Clean Water Act, 33 U.S.C. § 1311(a), and one count of knowingly discharging pollutants in violation of Clean Water Act permit limitations. Freezeland and Linden were also found guilty on corresponding counts.

At trial, the defendants relied primarily on a defense of good character. The defendants thus requested that the district court give an instruction regarding the weight to be given to evidence of Lacy's good character that would state, in part, that "[e]vidence of the defendant's honesty, truthfulness, and veracity and law-abidingness <u>alone</u> may create a reasonable doubt whether the government proved that the defendant committed the crime." J.A. at 434 (emphasis added). The United States objected to this instruction at the charging conference. J.A. at 435. Nevertheless, the district court indicated at the conclusion of that conference, conducted prior to the close of evidence and prior to the completion of the defense counsel's preparation of closing argument for the jury, that it would give the instruction requested by the defendants. J.A. at 435, 438. In reliance on the district court's representation that it would give the requested instruction on character evidence, counsel for the defendants made the following statements in closing argument to the jury:

> But the government -- the judge is going to give you a very interesting charge at the close of all this discussion. The judge is going to tell you that based on just the character evidence that you heard, <u>alone</u>, relative to Mr. Lacy, truthfulness, integrity, law-abidingness, you may find that there is reasonable doubt to believe that he could commit these crimes that are alleged by the Government, just that, <u>alone</u>.

J.A. at 357 (emphasis added). At the conclusion of closing arguments, the district court gave a jury instruction about character evidence, but

3

-- over defendants' objection -- omitted the word "alone" from the charge requested by defendants. J.A. at 370, 435.

As the district court itself later acknowledged, its failure to apprise the defendants prior to closing arguments that the court would not give the instruction defendants requested violated Rule 30 of the Federal Rules of Criminal Procedure. J.A. at 435-36. Rule 30 provides that the "court shall inform counsel of its proposed action upon the requests [for particular jury instructions] prior to their arguments to the jury." A violation of this rule requires a new trial only when it results in "actual prejudice." United States v. Horton, 921 F.2d 540, 547 (4th Cir. 1990) (citing United States v. Burgess, 691 F.2d 1146, 1156 (4th Cir. 1982)).

The district court in this case granted defendants a new trial because, "[a]fter reviewing the trial in its entirety," the district court concluded that "the deletion of `alone' from the instruction, in context of the court's failure to properly inform defense counsel of its decision before closing argument, significantly prejudiced Lacy."**1** J.A. at 434 n.9 (emphasis added). The court later vacated its grant of a new trial on jurisdictional grounds,**2** but reiterated that it remained con-

_____

**1** Specifically, the court found that defense counsel had relied on the fact that the instruction would contain the word "alone" in making his final argument and had "promised the jury" that the court would instruct the jury that it could find reasonable doubt from character evidence alone. J.A. at 435. Thus, the court's deletion of the word "alone" from the requested charge without proper notice to the defense "caused Lacy's counsel to break his promise to the jury, thereby undermining Lacy's principal argument." J.A. at 435. The court also found that this breach of promise "potentially damaged defense counsel's credibility with the jury and weakened Lacy's main defense strategy -- that his reputation for honesty, truth and veracity, and law-abidingness, alone, was capable of creating a reasonable doubt as to Lacy's commission of the crimes charged." J.A. at 435-36. The court was particularly concerned about its error because of "the essential, central role of the character evidence in this case." J.A. at 436.

**2** On a government motion for reconsideration of the grant of a new trial, the court found that it lacked jurisdiction to grant a new trial on the Rule 30 ground because the defendants had not specifically identified

4

vinced that defendants were entitled to a new trial because the Rule 30 violation had prejudiced the defense. J.A. at 439. Although this Court is not technically bound to defer to the district court's finding of actual prejudice, the district judge presided over the trial and is thus in the best position to assess the effect of its error on the defense counsel's closing argument and credibility. Accordingly, we vacate defendants' convictions and remand for a new trial.

VACATED AND REMANDED

_____

that ground during the seven-day period after the jury verdicts in which Fed. R. Crim. P. 33 requires that motions for new trial be made. Because we hold, as a matter of direct appellate review, that defendants are entitled to a new trial because the Rule 30 violation constitutes reversible error, we do not reach the issue of whether a district court has jurisdiction to grant a new trial on a ground that was not submitted to the court within the seven-day period of Rule 33, but was raised instead by a supplemental memorandum filed after the seven-day period had lapsed.

5